UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

T.K., et al.,

          Plaintiffs,

     v.

FREDERICK DAVID STANLEY,

          Defendant.

CASE NO. C16-5506 BHS

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

This matter comes before the Court on the motion for clarification and/or reconsideration (Dkt. 23) of Frederick Stanley ("Defendant"). The Court has considered the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. BACKGROUND**

On July 25, 2016, Defendant filed a motion to dismiss "based upon res judicata/claim-splitting." Dkt. 12. On August 15, 2016, Plaintiffs responded. Dkt. 14. On August 19, 2016, Defendant replied. Dkt. 16. On October 11, 2016, the Court entered an order denying Defendant's motion to dismiss. Dkt. 22. On October 21, 2016, Defendant moved for "clarification and/or reconsideration." Dkt. 23. No opposition has been filed.

## II. DISCUSSION

**A.     Standard for Rule 60 Motions**

Motions for reconsideration are governed by Federal Rule of Civil Procedure 60 and Local Rules W.D. Wash. LCR 7(h). LCR 7(h) provides:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

The Ninth Circuit has described reconsideration as an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., *Moore's Federal Practice* § 59.30[4] (3d ed. 2000)). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

**B.     Clarification**

In denying Defendant's motion to dismiss, the Court stated:

> The state court judgment in question offers no disposition on any of the non-minor plaintiffs' claims in *T.K. I*. Dkt. 13-1. Therefore, res judicata is inapplicable to the non-minor plaintiffs' present claims.

Dkt. 22 at 5. Accordingly, the Court denied Defendant's motion to dismiss the claims of the non-minor plaintiffs on the basis of res judicata.

Much of the remainder of the order explained why the Court also denied Defendant's motion to dismiss the minor plaintiffs' claims. Setting forth the applicable

Washington state rule regarding the finality of a CR 54(b) judgment for the purposes of res judicata, the Court explained:

> Whether a partial summary judgment lacking CR 54(b) findings is res judicata depends on a close examination of the prior proceeding's record to determine if "there is no apparent reason to anticipate reconsideration and that the alternative of denying preclusion would entail substantial costs."

Dkt. 22 at 6 (quoting *Ensley v. Pitcher*, 152 Wn. App. 891, 901 (2009)).

The Court then explained that Defendant had failed to satisfy his burden of proof on the motion to dismiss. Specifically, he failed to provide (1) a detailed examination of the *T.K. I* summary judgment proceeding and the arguments therein, or (2) an analysis on whether there is "reason to anticipate reconsideration" of the claims brought against him in *T.K I* or whether refusing to preclude the present claims "would entail substantial costs." Dkt. 22 at 6–7.

The Court then provided additional analysis, stating that it appeared the claims against Defendant Stanley in *T.K. I* may have been dismissed pursuant to a finding of insufficient service of process.[1] Dkt. 22 at 7. If the claims were dismissed for insufficient service of process, the *T.K. I* judgment would not be final against Defendant for the purposes of res judicata.[2] *See Zarbell v. Bank of Am. Nat. Trust & Sav. Ass'n*, 52 Wn.2d

---

[1] Defendant stated in his reply that the claims against him in *T.K. I* were not dismissed for insufficient service of process, but he fails to support this assertion by providing the necessary documents/records for the Court to make such a determination. *See* Dkt. 17 at 7.

[2] The Court notes that Defendant may still be entitled to dismissal based on res judicata if he can show that he was in privity with a party in *T.K. I* that does obtain a final judgment on the merits. *See* Defendant's Reply on Motion to Dismiss, Dkt. 17 at 7–9. However, the Court need not consider such an argument at this time as Defendant has failed to provide the detailed type of analysis that is necessary to determine whether the CR 54(b) partial summary judgment is final as to any of the parties in *T.K. I*.

549, 554 (1958) ("[A] judgment entered dismissing an action for lack of jurisdiction is not a bar to another action in a court having jurisdiction. . . . A dismissal without prejudice is not *res judicata*.").

After finding that the non-minor plaintiffs' claims in *T.K. I* appear to be concurrent with their present claims, the Court went on to consider Defendant's allusion to a "claim-splitting" defense. Dkt. 22 at 8–10. The Court found that such a defense is unavailable in federal court when the concurrent action is a state court proceeding. Instead, Defendant's argument must be addressed under the doctrine of abstention. Although Defendant impliedly argued that the non-minor plaintiffs' claims should be dismissed on the basis that there was a concurrent related proceeding, Defendant failed to offer an analysis under the applicable law. The Court therefore denied Defendant's motion.

Now, having stated the foregoing and acting out of an abundance of caution, the Court clarifies that the previous order denied Defendant's motion to dismiss entirely: that is, Defendant's motion was denied as to all the claims brought against him by either the minor or non-minor plaintiffs.

## C. Reconsideration

Defendant also argues that the Court should reconsider its previous order. Dkt. 23. Defendant argues that the Court should grant reconsideration because it recently dismissed a similar case under a theory of res judicata. Dkt. 23 at 3–5 (citing *K.H. v. Olympia Sch. Dist.*, C16-5507 BHS, 2016 WL 5871708 (W.D. Wash. Oct. 7, 2016) ("*K.H. II*")).

In *K.H. II* the court was presented with a court judgment entered pursuant to a jury verdict. Under such circumstances, it was clear that a final judgment had been entered based on the merits of the claims. In contrast, the partial summary judgment order in *T.K. I* neither dismissed the non-minor plaintiffs' claims nor explained the Court's basis for dismissing the minor plaintiffs' claims. Dkt. 13-2.

Indeed, under the reasoning set forth in *K.H. II*, Defendant may be entitled to relief if he can show in some subsequent motion that (1) the *T.K. I* judgment was entered on the merits of the claims, (2) that he was a party, or in privity with a party, to that judgment, and (3) that the judgment satisfies the remaining factors set forth in *Karlberg v. Otten*, 167 Wn. App. 522, 536 (2012). Alternatively, Defendant may prevail at a subsequent time on some other defense, like the period of limitations, provided such an argument is not waived by failure to preserve it in his answer. However, as of yet, Defendant has failed to show that he is entitled to dismissal. Accordingly, the Court denies his motion for reconsideration.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendant's motion for reconsideration (Dkt. 23) is **DENIED**.

Dated this 25th day of October, 2016.

BENJAMIN H. SETTLE
United States District Judge