HONORABLE BENJAMIN H. SETTLE

MICHAEL E. MCFARLAND, JR., #23000
Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632
Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| T.K., individually, and as guardian for her daughter, G.G., a minor; B.G., individually; T.A., individually, and as guardian for his daughter, A.A., a minor; J.A., individually, K.W., individually, and as guardian for her daughter, P.W., a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>FREDERICK DAVID STANLEY, individually,<br><br>Defendant. | Case No.  3:16-cv-05506-BHS<br><br>DEFENDANT STANLEY'S MEMORANDUM IN SUPPORT OF MOTION FOR ABSTENTION<br><br>Note on Motion Calendar:<br>Friday, April 7, 2017<br>Without Oral Argument |

## I. INTRODUCTION

Plaintiffs T.K., individually and as guardian for her minor daughter G.G., B.G., individually, T.A., individually and as guardian for his minor daughter A.A., J.A., individually and as guardian for her minor daughter P.W., previously brought suit in Thurston County Superior Court against Olympia School District (OSD) and various OSD employees/administrators, including Defendant Frederick David Stanley. The state court action alleged harms arising out of the alleged sexual abuse of G.G., A.A., and P.W. by former OSD bus driver Gary Shafer.

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

DEF. MOTION IN SUPPORT OF ABSTENTION  - page 1

On July 8, 2016, Thurston County Superior Court Judge Anne Hirsch granted the defendants' motion for summary judgment and dismissed the claims of the minor plaintiffs. Plaintiffs herein are the same plaintiffs in the state court action. In this lawsuit, they are seeking damages against former OSD Transportation Director Fred Stanley for alleged harm caused by the alleged sexual abuse of the minor plaintiffs by Mr. Shafer. As is set forth herein, this Court should abstain from hearing these claims and instead allow them to be pursued in state court. The weight of factors enumerated in *Colorado River* and its progeny favor abstention, therefore granting this motion is proper.

## II. STATEMENT OF FACTS/PROCEDURAL HISTORY

On April 9, 2014, Plaintiffs filed suit in Thurston County Superior Court against Olympia School District and several current and former employees/administrators. ECF 0013-1. The Complaint alleged negligence, gross negligence, mandatory reporting failure and negligent infliction of emotional distress.

On May 17, 2016, Defendants filed a motion for summary judgment. ECF 0013. Defendants' motion was premised upon the argument that Plaintiffs could present no competent evidence that any of the minor plaintiffs had been sexually abused. *Id*. On July 8, 2016, Judge Hirsch granted Defendants' motion. *Id*. On July 15, 2016, Judge Hirsch entered an order granting Defendants' motion for summary judgment and dismissing the "claims of minor Plaintiffs G.G., A.A., and P.W." ECF 0013-2, pg. 27.

On June 21, 2016, a few weeks prior to Judge Hirsch granting partial summary judgment, Plaintiffs filed this case, alleging two causes of action against Defendant Frederick David Stanley. ECF 0001. Meanwhile, on November 3,

2016, Division II of the Washington Court of Appeals accepted review of the Superior Court's granting of partial summary judgment. ECF 0013. The Court of Appeals also accepted review of denial of Defendant's motions for relief under CR 60 and its motion to bifurcate trial. *Id.* The three issues were consolidated and are pending in that court. *Id.*

On July 25, 2016, Defendant Stanley filed a Motion to Dismiss With Prejudice Based Upon Res Judicata/Claim-Splitting. ECF 0012. On October 11, 2016, this Court denied Defendant's Motion to Dismiss. ECF 0022. In its Order, the Court noted that "numerous courts have determined that the proper analysis to determine whether a concurrent state action bars a related federal action is a matter appropriately considered in the context of abstention, not claim splitting." ECF 0022, pg. 9, lines 6-9. The Court further noted: "Absent any argument on abstention or some affirmative defense that might bar recovery on the claims, the Court denies Defendant's motion." *Id.* at pg. 10, lines 7-9. On October 25, 2016, the Court entered an Order (ECF 0024) denying Defendant's Motion Seeking Clarification and/or Reconsideration. ECF 0023.

Defendant Stanley now brings this motion asking the Court to abstain pending final resolution of the state court action.

## III. LAW/ARGUMENT

Under the *Colorado River* abstention[1] doctrine, a federal court may choose not to exercise jurisdiction when a parallel case is pending in state court. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976). In

---

[1] It is noted that *Colorado River* is not truly an abstention doctrine, but a discretionary tool available to the court. However this brief will follow common usage and refer to the doctrine as abstention.

1    *Colorado River*, the Supreme Court recognized that parallel litigation was not covered by an

2    existing abstention doctrine, but saw the need for a tool allowing federal courts to decline

3    jurisdiction in certain instances. The Court was driven by "considerations of '(w)ise judicial

4    administration, giving regard to conservation of judicial resources and comprehensive

5    disposition of litigation.'" *Colorado River*, 424 U.S. at 817 (quoting *Kerotest Mfg. Co. v. C-O-*

6    *Two Fire Equipment Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200, 203 (1952)).

7

8         Courts considering *Colorado River* abstention first must determine the state and federal

9    court cases are in fact parallel. Next, they must weigh factors that favor or disfavor abstention.

10   The Court in *Colorado River* listed four of these factors: 1) whether the controversy involves a

11   res over which one of the courts has assumed jurisdiction; 2) whether the federal forum is less

12   inconvenient than the other for the parties; 3) whether staying or dismissing the federal action

13   will avoid piecemeal litigation; and 4) the order in which the actions were filed. *Colorado*

14   *River*, 424 U.S. at 818. *Colorado River*'s progeny added factors, including 5) whether the state

15   court proceeding can protect the parties' federal rights, and 6) whether accepting jurisdiction

16   encourages forum shopping. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S.

17   1, 26, 103 S. Ct. 927, 942, 74 L. Ed. 2d 765 (1983); *Am. Int'l Underwriters (Philippines), Inc.*

18   *v. Cont'l Ins. Co.*, 843 F.2d 1253, 1259 (9th Cir. 1988).

19        The cases brought by Plaintiffs in state court and this court are parallel. After

20   considering the factors and how the apply to this case, which is set out below, this Court

21   should abstain under the *Colorado River* doctrine.

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

DEF. MOTION IN SUPPORT OF ABSTENTION  - page 4

1

**A.     Plaintiffs' Cases Are Parallel under *Colorado River***

2

3       Before considering the factors that weigh for or against abstention, a court must

4  determine whether the state and federal court proceedings are parallel. *Cerit v. Cerit*, 188 F.

5  Supp. 2d 1239, 1248 (D. Haw. 2002) (quoting *New Beckley Mining Corp. v. International*

6  *Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir.1991)). If they are parallel,

7
   abstention may be considered.
8

9       "[S]uits are parallel when substantially the same parties are contemporaneously

10 litigating substantially the same issues in different forums." 193 A.L.R. Fed. 291 (2004). Exact

11
   parallelism between the parties and claims is not required, the proceedings must only be
12
   "substantially similar." *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989). "[T]he
13

14 mere presence of additional parties or issues in one of the cases will not necessarily preclude a

15 finding that they are parallel." *AAR Int'l, Inc. v. Nimelias Enterprises S.A.*, 250 F.3d 510, 518

16
   (7th Cir. 2001). The issues in the proceedings do not need to be perfectly symmetrical, rather
17

18 there must be "a substantial likelihood that the state litigation will dispose of all claims

19 presented in the federal case." *Lumen Const., Inc. v. Brant Const. Co.*, 780 F.2d 691, 695 (7th

20
   Cir. 1985). To determine if issues are substantially similar, "the court must consider whether
21

22 the different issues raised in concurrent proceedings filed by the same party share a common

23 factual underpinning." *Proctor & Gamble Co. v. Alberto-Culver Co.*, No. 99 C 1158, 1999

24
   WL 319224, at 3 (N.D. Ill. Apr. 28, 1999).
25

26      *Nakash* involved a series of disputes between the Nakashes, who owned Jordache

27 Enterprises, and the Marcianos, who owned Guess?, Inc. Marciano filed suit in California state

28
   court in November 1984, alleging, among other things,
29

30

1
2
3
4
5
6
7
8

violation of state security laws, fraud, breach of fiduciary duty, misappropriation of confidential proprietary information, unfair competition, trademark infringement, and RICO violations. *Nakash*, 882 F.2d 1411. Over the next four years, the court file grew thick after many hearings were held, depositions taken, and documents filed. 882 F.2d at 1412. In 1988, Nakash filed against Marciano in federal court, alleging RICO offenses, breach of contract, and breach of fiduciary duty. 882 F.2d at 1413. The Court found the cases were parallel.

9
10
11
12

> Nakash's further argument that the parties are not identical is disingenuous. The present parties are all named in the California suit; the only difference is the absence of all of the corporate entities owned and operated by the parties. We should be particularly reluctant to find that the actions are not parallel when the federal action is but a "spin-off" of more comprehensive state litigation.

13

*Nakash*, 882 F.2d at 1416–17.

14
15
16
17
18
19
20
21
22
23
24
25
26
27

In this case, the plaintiffs in the state court proceedings are the same plaintiffs in this action. The defendant in this case (Fred Stanley) is a defendant in the state court case. The instant lawsuit is based upon the exact same facts and allegations as the state court action. The only difference between the state court action and the instant action is that Plaintiffs have asserted two causes of action (42 USC § 1983 and "Spoliation"[2]) in this lawsuit that were not asserted in the state court action. In both cases, the "subject matter" is the alleged failure of OSD and its administrators, including Mr. Stanley, to protect the minor plaintiffs from the alleged abuse by Mr. Shafer. Regardless of the causes of action asserted, it cannot be logically denied by Plaintiffs that the subject matter of both suits is identical. Defendant's Motion to Dismiss (ECF 12) extensively addressed the subject matter similarity between the state and

28
29
30

---

[2] As set forth below, the plaintiffs did in fact allege spoliation in the state court action. They just did not identify it as a separate cause of action.

DEF. MOTION IN SUPPORT OF ABSTENTION  - page 6

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

federal case and should be referred to if parallelism is in doubt. *See* ECF 0012 at 6-16. The Court should find the state court action is parallel to the action filed in this court.

**B.      Factors Weigh in Favor of Abstention**

Once parallelism is established, a court must weigh the factors that determine whether abstention is appropriate. "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." *Colorado River*, 424 U.S. at 818–19.

Of the factors laid out by *Colorado River* and its progeny, the most pertinent to this case are 1) whether staying or dismissing the federal action will avoid piecemeal litigation; 2) the order of filing and progress of the actions; 3) whether the state court proceeding can protect the parties' federal rights; and 4) whether accepting jurisdiction encourages forum shopping. *Colorado River*, 424 U.S. at 818; *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 26; *Am. Int'l Underwriters*, 843 F.2d at 1259. Each of these factors weigh in favor of abstention.

**a.      Plaintiffs' Filing in Federal Court Creates Piecemeal Litigation**

*Colorado River* dealt with the adjudication of water rights in Colorado, and involved the federal government bringing suit against approximately 1,000 water users in federal court, with parallel litigation in state court. The Court in *Colorado River* found that the avoidance of piecemeal litigation was the most important factor favoring abstention. *Colorado River*, 424 U.S. at 819; *United States v. Morros*, 268 F.3d 695, 706 (9th Cir. 2001) ("In *Colorado River*, the Court's chief concern was with avoiding piecemeal litigation"). "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

possibly reaching different results." *Am. Int'l Underwriters*, 843 F.2d at 1258.

In *Nakash*, the Ninth Circuit found that when the defendant in the state court case filed in federal court almost five years after the initiation of the state court action, he was creating piecemeal litigation. "Permitting this suit to continue would undeniably result in piecemeal litigation. The state case has progressed far beyond this case, indicating that it would be highly inefficient to allow the federal litigation to proceed." *Nakash*, 882 F.2d at 1415.

In *Am. Int'l Underwriters*, the Ninth Circuit again affirmed abstention. 843 F.2d 1253. In that case, the state court action was initiated two-and-a-half years prior to the federal case, which alleged the same state court claims that stemmed from the same facts as the state court case. *Id*. The Court found that any effort put toward the case in the federal system would be duplicative. "If the district court decided to exercise jurisdiction, it would have to decide these matters anew, requiring duplicative effort and creating a strong possibility of inconsistent results." *Id.*, 843 F.2d at 1258.

The Court in *Cerit v. Cerit*, 188 F. Supp. 2d 1239 (D. Haw. 2002), found abstention appropriate when the defendant in a state court action for divorce, a temporary restraining order, and child custody filed in federal court for custody of his children. *Id*. The Court found that the proceedings were piecemeal. "Here, the state court has considered and continues to consider issues that Petitioner is asking this Court to decide. The risk of inconsistent results therefore is extremely high. This factor weighs heavily in favor of abstention." *Cerit*, 188 F. Supp. 2d at 1250.

The administration of a trust was at issue in *Walker v. MB Fin. Bank, N.A.*, No. C 13-03601 LB, 2014 WL 173187 (N.D. Cal. Jan. 15, 2014), and

parallel cases were filed in state and federal court. In that case, the Court found there was piecemeal litigation because, while both courts could handle the case, their efforts would be duplicative, even when the evidence and discovery would be the same in both cases. "Although the two actions involve different claims, all of those claims involve the administration of the Trust. Discovery taken in one action almost certainly will be relevant to the other one. Ms. Walker's fear that she will have to re-take the same discovery if the Federal Action is stayed is unwarranted because they parties could agree to use discovery for both actions." *Id.*, at 3.

This case has quite a bit in common with *Walker*. The state and federal causes of action stem from the same facts and involve the same discovery. *See* Part III.A., *supra*; ECF 00012 6-16. The only real effect of staying or dismissing the federal action is avoiding the unnecessary expenditure of time, money, and judicial resources.

Duplicative effort is the focal point of *Nakash*, *Am. Int'l Underwriters*, and *Cerit* and is pertinent to this case. While both cases discuss the progress of the state court case (a factor applied to this case *infra*), they also found that the duplicative effort of the federal court to be unnecessary and a possible lead-in to inconsistent results. This is true of Plaintiff's claims. Having already heard numerous motions and hearings, the state court is the proper "home" for this case. Any action by the federal court is unnecessary and may lead to inconsistencies with the state court, since the state court has a handled the issues in the case and has a history with the case. The piecemeal litigation factor weighs heavily in favor of abstention.

**b.    The State Proceeding Began Earlier and is Further Along Than the Federal Proceeding.**

In *Moses H. Cone*, the Supreme Court counsels that the order the actions were filed in state and federal court matters, but "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21.

The order of filing and the progress of the state court case was "an important consideration" in *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 980 (9th Cir. 2011), and helped lead the Court to affirm the trial court's abstention. In that case, the state court had interpreted a disputed insurance policy, "conducted discovery, initiated a phased approach to the litigation and issued an order concerning foundational legal matters." *Id.*, 656 F.3d at 980. The Court found the state court's progress weighed in favor of abstention. The Ninth Circuit has repeatedly done a "progress analysis" and abstained when the state court case has advanced well beyond the federal case. *See Nakash*, 882 F. 2d at 1415 ("The state case has progressed far beyond this case, indicating that it would be highly inefficient to allow the federal litigation to proceed."); *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1147 (9th Cir. 2007) ("Parties should be strongly discouraged from attempting to drag federal courts into disputes already significantly underway in state courts."). The *Am. Int'l Underwriters* court stated, "substantive progress has been made in the two-and-a-half years of litigation in state court," noting that the state court has "decided seven motions and the parties have engaged in substantial discovery. Very little progress has occurred in the federal lawsuit." *Am. Int'l Underwriters*, 843 F.2d at 1258. In its opinion, in which the Court affirms the district court's *Colorado River* abstention, the court states that the only filings in federal court were the complaint and the motion for abstention. *Id.* In *Colorado*

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

*River* itself, the Supreme Court stated, "we also find significant . . . the apparent absence of any proceedings in the District Court, other than the filing of the complaint, prior to the motion to dismiss." *Colorado River*, 424 U.S. at 820.

In *Cerit*, the order of filing was insignificant because the state court action was only filed two months prior to the federal action,

> However, and more importantly, it is apparent that substantial progress in the state case has occurred. For example, there have been numerous hearings in state court, a Guardian Ad Litem who was appointed and is conducting an investigation, etcetera. However, virtually no activity in the case has occurred in this Court. Accordingly, this factor weighs heavily in favor of abstention.

*Cerit*, 188 F. Supp. 2d at 1250.

Similarly, the court in *Walker* found abstention appropriate in part because of the relative progress of the cases: "[T]he Illinois Action is farther along: in the Illinois Action there are pending summary judgment proceedings, but in the Federal Action, nothing has occurred except the filing of the instant motion to stay; the court has not even had a case management conference." *Walker*, No. C 13-03601 LB, 2014 WL 173187, at 4.

Considering the above authority as it applies to the present case, abstention should be heavily favored. Here, the Plaintiff filed a complaint in Thurston County Superior Court on April 9, 2014, nearly three years ago. In that significant time span, the Superior Court handled numerous pleadings and declarations, and the court granted partial summary judgment to Defendants. In addition, the state court action has now proceeded to the Washington Court of Appeals, where ongoing appellate practice is occurring.

Both the order and progress of the cases is important in this case. The federal case was filed more than two years after the state court action. In

DEF. MOTION IN SUPPORT OF ABSTENTION - page 11

*Am. Int'l Underwriters*, the Court found that two-and-a-half years between filing in state and federal court favored abstention. Beyond that, the court found that seven motions, discovery, and a lack of activity in the federal case warranted abstention. *Am. Int'l Underwriters*, 843 F.2d at 1258. The *Cerit* court found abstention appropriate because many hearings were held in state court, but there was "virtually no activity" in the federal court. *Cerit*, 188 F. Supp. 2d at 1250. The same can be said in this case. While the state court case has been litigated to the point of appeal, the federal case has been quiet, with the only significant activity being motions made by Defendant in an effort to get out of federal court. Because so much more progress has been made in state court, abstention is appropriate.

**c.      The State Court Can Protect the Parties' Federal Rights**

In *Colorado River*, the Supreme Court offered four factors a court should consider when faced with an abstention question revolving around parallel state and federal litigation. After that decision, the circuit courts of appeal announced other factors as they became apparent. In *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908 (9th Cir. 1993), the Court added the ability of the state court to protect the parties' federal rights as a factor to consider when weighing whether a court should abstain. *Id.*, 12 F. 3d at 913 ("[T]he existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes the granting of a stay").

Another Ninth Circuit case, *Smith v. Cent. Ariz. Water Conservation Dist.*, 418 F.3d 1028 (9th Cir. 2005), clearly illustrates the use of this factor. In that case, a contract implementing a federally-funded water project was at issue. If the plaintiffs were not third-party beneficiaries of the contract they did not have

*Evans, Craven & Lackie, P.S.*

DEF. MOTION IN SUPPORT OF ABSTENTION  - page 12

818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

standing. The Court found that because the contract at issue involved federally-funded projects it was necessarily federal and required interpretation through federal law. *Id.*, 418 F.3d at 1034. The plaintiffs contended that state law controlled and under state law they were third-party beneficiaries to the contract. *Id.* Because the forum would affect the contract interpretation, the Court found abstention inappropriate. *Id.*

In *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, the Ninth Circuit described the "federal rights" factor as such:

> A district court may not stay or dismiss the federal proceeding if the state proceeding cannot adequately protect the rights of the federal litigants. For example, if there is a possibility that the parties will not be able to raise their claims in the state proceeding, a stay or dismissal is inappropriate. *See Moses H. Cone,* 460 U.S. at 26, 103 S.Ct. 927 (emphasizing that the state court might lack the power to enter the order that the plaintiff was seeking in federal court); *Holder,* 305 F.3d at 869 n. 5 (noting that the state court probably lacked jurisdiction to hear the plaintiff's federal ICARA claim).

*R.R. St. & Co. Inc.*, 656 F.3d 966, 981 (9th Cir. 2011).

Differences in procedural protocol or the rules of evidence is not enough for a court to find a party's rights have not been protected. *See Am. Int'l Underwriters*, 843 F.2d at 1259 (Adverse evidentiary rules do not rise to the level of rendering a state court proceeding inadequate).

Generally, this factor is not at issue because state courts can usually protect the federal rights of the parties by adequately applying federal law. In *Nakash*, the court only gave this factor a cursory mention because there was no cause of action that could only be dealt with in federal court, even though federal trademark infringement and RICO violations were claims alleged in the case. *See Nakash*, 882 F.2d at 1415 ("Nakash

DEF. MOTION IN SUPPORT OF ABSTENTION  - page 13

has not suggested any reason why the state court cannot adequately protect his rights"). The *Cerit* case involved the International Child Abduction Remedies Act, a federal law, but the federal court abstained, stating, "As the federal enabling legislation provides for an ICARA petition to be heard in either federal or state court, there is no concern that Petitioner's federal rights will be inadequately protected in state court." *Cerit*, 188 F. Supp. 2d at 1250.

There are no federal rights in this case that are in danger of being left unprotected if this Court abstains. Thurston County Superior Court was an adequate forum for Plaintiffs' initial causes of action, and it is unclear why it suddenly would be inadequate for Plaintiffs' two latest causes of action, even if one of the claims is based on federal law. This factor only weighs against abstention in the narrow circumstances where a federal court has unique power or ability in relation to the claim, like in *Smith*. Here, the claims are relatively common and capable of being heard in state court. This factor weighs in favor of abstention.

### d.    The Court's Interest in Preventing Forum Shopping Favors Abstention

Like the previous factor, a consideration of whether abstention would promote or prevent forum shopping is a post-*Colorado River* factor created by the Ninth Circuit. In *Am. Int'l Underwriters*, the Court stated that forum shopping "is appropriate to consider given the flexible and pragmatic way in which abstention is to be applied." 843 F.2d at 1259.

In *Nakash*, the Court found that the time between filing in state and federal court to be evidence of forum shopping. "Apparently, after three and one-half years, Nakash has become dissatisfied with the state court and now seeks a new forum for their claims. We have no interest in encouraging this practice." 882 F.2d at 1417.

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

While a preference for the Federal Rules of Evidence is not a consideration when it comes to the parties' federal *rights*, it comes into play if a party is using them for a tactical advantage. This was the case in *Am. Int'l Underwriters*. That court stated, "After two-and-a-half years, AIU is abandoning its state court case solely because it believes that the Federal Rules of Evidence are more favorable to it than the state evidentiary rules. This epitomizes forum shopping." 843 F.2d at 1259.

In this case, Defendant successfully moved for partial summary judgment in state court and the claims of the minor Plaintiffs were dismissed. ECF 0013. The reason for this is that there was a lack of evidence Gary Shafer had any sexual contact with the minors. *Id*. While the trial court's finding on the minors' claims was not dispositive to the non-minors' claims, it certainly does not bode well for them. Gross negligence, mandatory reporting failure, and negligent infliction of emotional distress are not easy to prove without actual harm. Plaintiffs face a steep uphill climb to prove these causes of action in a state court that has already found no proof of sexual misconduct toward the minors to the minors. Additionally, Mr. Stanley was a defendant to the original complaint, which was filed April 9, 2014. At any point after that date, Plaintiffs could have brought their § 1983 and spoliation claims against him in state court. To be sure, there is something peculiar about the sequence of events leading to Plaintiffs' filing in federal court. It seems Plaintiffs did not like the direction things were heading in state court and sought out a new forum. *Am. Int'l Underwriters* counseled that an attempt to take advantage of the federal rules of evidence constitutes forum shopping. What Plaintiffs appear to be attempting is similar – avoiding state court because of an unfavorable finding in that forum. Federal courts have had no tolerance

*Evans, Craven & Lackie, P.S.*

DEF. MOTION IN SUPPORT OF ABSTENTION  - page 15

818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

for such practices, and this court is right to abstain in this case.

## IV. CONCLUSION

*Colorado River* abstention is a tool available to federal courts for instances just like this. The state and federal actions brought by Plaintiffs are parallel. The cases create piecemeal litigation, and the state court action is further along and began earlier than the federal action. The state court can protect the parties' federal rights, and abstention prevents forum shopping. After weighing these factors, the court should find abstention appropriate and grant Defendant's motion.

DATED this 22nd day of March, 2017.

EVANS, CRAVEN & LACKIE, P.S.


By:     s/    Michael E. McFarland, Jr.
        Michael E. McFarland, Jr., #23000
        Attorneys for Defendant

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

# CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Darrell L. Cochran
Kevin Hastings
Pfau, Cochran, Vertetis, Amala
911 Pacific Avenue, Suite 200
Tacoma, WA  98402
email:          Darrell@pcvalaw.com
email:          kevin@pcvalaw.com
email:          laura@pcvalaw.com


Jerry Moberg
Jerry Moberg & Associates, P.S.
124 3rd Avenue SW
P.O. Box 130
Ephrata, WA  98823
Email:          jmoberg@jmlawps.com
Email:          mrathbone@jmlawps.com


EVANS, CRAVEN & LACKIE, P.S.

By:     s/   Michael E. McFarland, Jr.
MICHAEL E. McFARLAND, #23000
Attorney for Defendants
Evans, Craven & Lackie, P.S.
818 W. Riverside Ave., Suite 250
Spokane, Washington  99201
(509) 455-5200
(509) 455-3632 Facsimile
MMcFarland@ecl-law.com


*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

DEF. MOTION IN SUPPORT OF ABSTENTION  - page 17