HONORABLE BENJAMIN H. SETTLE

MICHAEL E. MCFARLAND, JR., #23000
Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632
Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| T.K., individually, and as guardian for her daughter, G.G., a minor; B.G., individually; T.A., individually, and as guardian for his daughter, A.A., a minor; J.A., individually, K.W., individually, and as guardian for her daughter, P.W., a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>FREDERICK DAVID STANLEY, individually,<br><br>Defendant. | Case No.  3:16-cv-05506-BHS<br><br>DEFENDANT STANLEY'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR ABSTENTION<br><br>Note on Motion Calendar:<br>Friday, June 9, 2017<br>Without Oral Argument |

Pursuant to the Court's May 23, 2017 Order (Dkt. 30), Defendant Fred Stanley submits this supplemental brief addressing the plaintiffs' representation "in their previous briefings that the dismissal of their claims against Defendant in state court was based on a lack of personal jurisdiction for insufficiency or process." The specific representation at issue was: "Stanley was never served in T.K. because process servers could not locate him. For this reason, I conceded in the opposition to summary judgment that his claim failed." *Dkt. 16, Par. 19*. As set forth herein, Mr. Stanley was not in fact dismissed from the state

DEF. SUPPLEMENTAL BRIEF IN SUPPORT OF
ABSTENTION  - page 1

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

court action based upon a lack of personal jurisdiction or insufficiency of process. Rather, he was subject to the summary dismissal of the minors' claims, making abstention proper.

## I. PROCEDURAL HISTORY IN STATE COURT

The plaintiffs[1] filed their state court action on April 10, 2014. Mr. Stanley was named as a defendant. Over two years later, on May 17, 2016, the state court defendants (Olympia School District, Robert Hodges, William Lahmann, Jennifer Priddy, Fred Stanley and Barbara Greer) filed a motion for summary judgment. After the original hearing date was continued, the plaintiffs on June 29, 2016 filed their opposition to the summary judgment motion. In a footnote contained within that opposition, the plaintiffs noted: "Plaintiffs were unable to effectuate service on Fred Stanley, likely because he is actively evading being served … Nevertheless, having not succeeded in obtaining service, Plaintiffs agree that he should be dismissed as a defendant." The plaintiffs did not, however, dismiss Mr. Stanley from the case.

The hearing on the defendants' motion for summary judgment was on July 8, 2016. At the hearing, there was no request by the plaintiffs that Mr. Stanley be dismissed for insufficient process or lack of jurisdiction. In fact, there was no mention of Mr. Stanley at all. *Declaration of Michael McFarland, Exhibit G*. After the court granted the summary judgment motion, the parties could not agree to the form of the summary judgment order, so a presentment hearing was held on July 15, 2016. *Dec. of McFarland*. The trial court signed the order prepared by the plaintiffs. *Id*. Notably, that order granted summary judgment to "Defendants" without any reference to Mr. Stanley being dismissed for insufficiency of process or lack of jurisdiction.

---

[1] The plaintiffs in the state court action are the same as the plaintiffs herein.

DEF. SUPPLEMENTAL BRIEF IN SUPPORT OF
ABSTENTION  - page 2

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Rather, the order on its face applied to all defendants. To this day, there has never been an order entered dismissing Mr. Stanley based upon insufficient process or lack of personal jurisdiction.

On May 16, 2016, the defendants filed a notice of discretionary review with the Court of Appeals regarding an earlier trial court ruling denying the defendants' motion to sever the claims for trial. The plaintiffs filed a notice of discretionary review on August 11, 2016 regarding the summary judgment order. On November 3, 2016, the Court of Appeals granted review and consolidated the cases. The Court of Appeals correctly noted that the petitioners in the consolidated cases includes Mr. Stanley. *Dec. of McFarland, Exhibit H*. The plaintiffs themselves acknowledged that Mr. Stanley was a petitioner in the proceedings. *Dec. of McFarland, Exhibit I*. The consolidated appeal remains pending. *Dec. of McFarland*.

## II. LAW/ARGUMENT

**A.     Plaintiffs' Representation That Mr. Stanley "Was Never Served In *T.K.* Because Process Servers Could Not Locate Him" Is Simply Not True**.

This Court requested briefing to determine "whether the Plaintiffs are engaging in piecemeal litigation for the purpose of forum-shopping." *Dkt. 30, pg. 4, lines 2-5*. Mr. Stanley submits that the plaintiffs' representation about Mr. Stanley having been dismissed from the state court action because "process servers could not locate him" demonstrates that forum shopping is exactly what the plaintiffs are doing. While the plaintiffs may have elected not to serve Mr. Stanley prior to June 29, 2016, it was not because they could not locate him.

Plaintiffs filed the state court action, which named Mr. Stanley as a defendant, on April 10, 2014**.** On January 30, 2015, counsel for the plaintiffs (Darrell Cochran) deposed Mr. Stanley in a companion case (*Huppe v. Olympia School District*). *Dec. of McFarland*. Then, on November 18, 2015, Mr. Cochran attended a perpetuation

DEF. SUPPLEMENTAL BRIEF IN SUPPORT OF
ABSTENTION  -  page 3

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

deposition of Mr. Stanley in the same case. *Dec. of McFarland*. The plaintiffs knew *exactly* where Mr. Stanley was on January 30, 2015 and November 18, 2015 and were aware for weeks prior that Mr. Stanley would appear for his depositions.[2] Mr. Stanley was not "evading process" and had the plaintiffs wanted to serve Mr. Stanley they had two easy opportunities to do so.

In addition, it is important to note that the plaintiffs' representation that they were unable to effectuate service on Mr. Stanley because he could not be located was made on **June 29, 2016**. This is important because one week prior to making that representation (**June 22, 2016**) the plaintiffs submitted a summons in this case <u>that identified Mr. Stanley's home address in Dewey, Arizona</u>. *See, Dkt. 2*.[3] Thus, a week prior to representing to the state court that they could not locate Mr. Stanley, the plaintiffs knew *exactly* where Mr. Stanley was located. The logical conclusion to be drawn from this misrepresentation is that the plaintiffs were concerned that the trial court was going to grant the defendants' summary judgment motion. They therefore created a fallback plan to keep their claims alive by attempting to dismiss one of the named defendants under the false pretense that they could not locate that defendant. That is the definition of attempted piecemeal litigation for the purpose of forum-shopping. However, as set forth above, despite the plaintiffs' concession that Mr. Stanley could be dismissed based upon the untrue assertion that they could not locate him, they never did in fact dismiss Mr. Stanley and he was thus subject to the summary judgment ruling. The plaintiffs have not, and cannot, produce to this Court any order or other ruling that dismissed Mr. Stanley from the state court

---

[2] The deposition notice was served on November 11, 2015. Counsel for the parties began discussing taking the deposition in Arizona in late October 2015. *Declaration of McFarland*.

[3] The identified address is in fact Mr. Stanley's address. *Declaration of McFarland*.

DEF. SUPPLEMENTAL BRIEF IN SUPPORT OF
ABSTINENCE - page 4

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

action based upon insufficiency of process or lack of jurisdiction. Indeed, had the plaintiffs wanted to dismiss Mr. Stanley from the state court action, they were required to bring a *motion* (not a passing reference in a footnote) pursuant to CR 41(a)(1)(B) (voluntary dismissal appropriate "[u]pon motion of the plaintiff").[4] Once the trial court ruled on the summary judgment motion, the plaintiffs lost their right to voluntarily dismiss Mr. Stanley. *See, e.g., Beritich v. Startlet Corp.*, 69 Wash.2d 454, 459, 418 P.2d 762 (1966).

In assessing whether the plaintiffs' misrepresentation about not being able to locate Mr. Stanley was designed to create piecemeal litigation and forum-shop, the additional facts are of note. First, Mr. Stanley did not assert insufficiency of process or lack of personal jurisdiction in his Answer. *Decl. of McFarland*, *Exhibit J*. Second, because Mr. Stanley did not raise those defenses in his Answer, and because Mr. Stanley likewise did not raise those defenses in his summary judgment motion (filed over two years after the lawsuit was commenced), the plaintiffs could have argued, as opposed to "conceding" that Mr. Stanley could be dismissed, that Mr. Stanley had waived those defenses. *See,* CR 12(h)*; Butler v. Joy*, 116 Wash.App. 291, 298, 65 P.3d 671 (2003). Third, there was no reason, other than to effectuate their fallback forum-shopping plan, for the plaintiffs to have "conceded" that Mr. Stanley could be dismissed.[5] There was no motion seeking Mr. Stanley's dismissal based upon insufficiency of process or lack of jurisdiction, and importantly, the statute of limitations was not set to expire on the plaintiffs' claims against Mr. Stanley. The minor plaintiffs, who were in kindergarten when they

---

[4] A written motion and notice is not required, but a motion must nonetheless be made and granted. *Greenlaw v. Renn*, 64 Wn.App. 499, 503-504, 824 P.2d 1263 (1992)

[5] Three months earlier, the plaintiffs vigorously opposed a motion to dismiss Mr. Stanley (and the other defendants) on other grounds. Declaration of Michael McFarland.

DEF. SUPPLEMENTAL BRIEF IN SUPPORT OF
ABSTENTION - page 5

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

were allegedly abused, had until their 21st birthdays to commence suit (RCW 4.16.080; RCW 4.16.190), or perhaps longer pursuant to RCW 4.16.340(1). In addition, pursuant to RCW 4.16.170, the statute of limitations of the adult plaintiffs was tolled as to Mr. Stanley because of service on the other defendants. *See, Sidis v. Brodie/Dohrmann, Inc*., 117 Wash.2d 325, 330, 815 P.2d 781 (1991). As the statute of limitations had not run, the plaintiffs' representation to this Court that they conceded Mr. Stanley's dismissal because "his claim failed" (*Dkt. 16, Par. 19*) is simply not true. The plaintiffs knew where Mr. Stanley resided at the time they conceded that he could be dismissed and they had plenty of time to perfect service on him. This begs the question – if not forum-shopping, why would the plaintiffs "concede" Mr. Stanley's dismissal in the face of no pressure from the defense regarding service or jurisdiction and with plenty of time available to perfect service? The plaintiffs knew where Mr. Stanley resided. They had no time pressure to have Mr. Stanley served. However, the plaintiffs were facing a summary judgment motion. They therefore attempted to "cover their bets" by filing suit against Mr. Stanley in this court (on June 21, 2016) and then representing to the state court on June 29, 2016 that they could not locate Mr. Stanley. That is forum shopping.

Fourth, while the plaintiffs suggest there was a need to dismiss Mr. Stanley based upon the misrepresentation that they did not know his whereabouts, they do not assert that they even attempted service by alternate means. *See*, RCW 4.28.080(17); RCW 28.100. In fact, the plaintiffs have not even submitted evidence that process servers attempted to personally serve Mr. Stanley (i.e., an affidavit of attempted service). This is most likely because as we now know, plaintiffs did in fact know, contrary to their representation, where Mr. Stanley resided.

The foregoing makes it clear that: (1) Mr. Stanley was not dismissed from the state court action prior to the summary dismissal of the plaintiffs' claims against all defendants; and (2) the plaintiffs' "concession" on June 29, 2016 that Mr. Stanley could be dismissed because his location was unknown was not only untrue, but it was a ploy by the plaintiffs, who were facing the dismissal of their claims, to "save" their claims by "dismissing" (unsuccessfully) one of the defendants; and (3) the plaintiffs' representation to this Court that they conceded Mr. Stanley's dismissal  In determining whether to abstain based upon the plaintiffs' forum shopping, the Court can take into consideration the "vexatious and reactive" nature of the state litigation. *R.R. Street & Co., Inc. v. Transport Ins. Co*., 656 F.3d 966, 981 (9th Cir. 2011). The Court can also consider whether the plaintiffs were simply attempting to avoid an unfavorable ruling in state court. *American Intern. Underwriters, Inc. v. Continental Ins. Co*., 843 F.2d 1253, 1255 (9th Cir. 1988). To recap the plaintiffs' attempted piecemeal litigation in an effort to forum shop:

- Plaintiffs filed suit against Mr. Stanley in state court on **April 9, 2014**.

- Plaintiffs deposed Mr. Stanley in a companion case on **January 30, 2015** and **November 18, 2015**.

- Defendant Stanley filed a summary judgment motion in state court on **May 17, 2016**.

- Plaintiffs filed suit against Mr. Stanley in this Court on **June 21, 2016**. *Dkt. 1*.

- Plaintiffs file a summons in this Court identifying Mr. Stanley's home address on **June 22, 2016**. *Dkt. 2*.

- Plaintiffs represented to the state court on **June 29, 2016**  that "Plaintiffs were unable to effectuate service on Fred Stanley, likely because he is actively evading being served."

- Plaintiffs represented to this Court on **August 17, 2016** that "Stanley was never served in T.K. because process servers could not locate him. For this reason, I conceded in the opposition to summary judgment that his claim failed." *Dkt. 16, Par. 19*.

**B.     The Lawsuit Against Mr. Stanley Was Commenced In Thurston County**.

In its Order, the Court requested additional briefing on the issue of "whether Plaintiffs ever commenced an action against Defendant in state court." *Dkt. 30, pg. 3*. As set forth above, there is no dispute that Mr. Stanley was named as a defendant in the lawsuit filed by the plaintiffs on April 10, 2014. The action was thus properly commenced. CR 3 ("…a civil action is commenced by…filing a complaint"). The plaintiffs thereafter served a copy of the summons and complaint upon all the defendants except Mr. Stanley. *Dec. of McFarland*. This tolled the statute of limitations on the claims against Mr. Stanley. RCW 4.16.170. On April 15, 2014, Jerry Moberg entered a notice of appearance on behalf of Olympia School District. On May 15, 2014, Mr. Moberg entered a first amended notice of appearance, this time for all defendants, including Mr. Stanley. *Id*. Mr. Stanley thereafter defended the case, through counsel, eventually obtaining the dismissal of the claims on substantive grounds.

Mr. Stanley very much remains a party in the state court action. Having not been dismissed by Plaintiffs, he remains a defendant with respect to the stayed claims of the parents, and he is a party on appeal as it relates to the dismissal of the minors' claims against him. A review of the complaints filed in state court and this court against Mr. Stanley show that they meet the "sufficiently parallel" test of *Colorado River*, as they involve the same plaintiffs seeking redress for the same alleged harms from the same defendant. Abstention is proper.

### III. CONCLUSION

Based upon the foregoing, Mr. Stanley respectfully requests that the Court grant his motion for abstention pending the completion of the state court proceedings.

DATED this 9th day of June, 2017.

                      EVANS, CRAVEN & LACKIE, P.S.

By:    s/   Michael E. McFarland, Jr.
        Michael E. McFarland, Jr., #23000
        Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Darrell L. Cochran
Kevin Hastings
Pfau, Cochran, Vertetis, Amala
911 Pacific Avenue, Suite 200
Tacoma, WA  98402
email: Darrell@pcvalaw.com
email: kevin@pcvalaw.com
email: laura@pcvalaw.com

Jerry Moberg
Jerry Moberg & Associates, P.S.
124 3rd Avenue SW
P.O. Box 130
Ephrata, WA  98823
Email: jmoberg@jmlawps.com
Email: mrathbone@jmlawps.com

EVANS, CRAVEN & LACKIE, P.S.

By:   s/   Michael E. McFarland, Jr.
MICHAEL E. McFARLAND, #23000
Attorney for Defendants
Evans, Craven & Lackie, P.S.
818 W. Riverside Ave., Suite 250
Spokane, Washington  99201
(509) 455-5200
(509) 455-3632 Facsimile
MMcFarland@ecl-law.com