UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

T.K., et al.,

          Plaintiffs,

   v.

FREDERICK DAVID STANLEY,

          Defendant.

CASE NO. C16-5506 BHS

ORDER GRANTING MOTION
TO STAY PROCEEDINGS

This matter comes before the Court on the motion (Dkt. 26) of Frederick Stanley ("Defendant"). The Court has considered the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. BACKGROUND**

On April 9, 2014, T.K., G.G., B.G., T.A., A.A., J.A., K.W., and P.W. ("Plaintiffs") filed a complaint in *Tiffany Kelso, et al. v. Olympia School District, et al.*, Thurston County Superior Court No. 14-2-00678-8 ("*T.K. I*"), against Defendant, Olympia School District, Robert Hodges, William Lahmann, and Jennifer Priddy. Dkt. 13-1. G.G., A.A., and P.W. are minors. *Id.* The complaint stated a claim for negligence, negligent infliction

of emotional distress, and violations of state mandatory reporting laws. Dkt. 13-1 at 16–19.

On June 21, 2016, Plaintiffs filed their present complaint against Defendant. Dkt. 1. The complaint claims a "violation of the Ninth and Fourteenth Amendments and 42 USC § 1983." *Id.* at 19. On July 15, 2016, the Thurston County Superior Court entered summary judgment in *T.K. I* dismissing the claims of the minor plaintiffs G.G., A.A., and P.W. Dkt. 13-2. On August 11, 2016, Plaintiffs filed a notice of discretionary review. Dkt. 15 at 126–28.

On July 25, 2016, Defendant filed a motion to dismiss "based upon res judicata/claim-splitting." Dkt. 12. On August 15, 2016, Plaintiffs responded. Dkt. 14. On August 19, 2016, Defendant replied. Dkt. 16. On October 11, 2016, the Court entered an order denying Defendant's motion to dismiss. Dkt. 22. In its order, the Court explained that the State Court proceedings were not yet final, and that "numerous courts have determined that the proper analysis to determine whether a concurrent state action bars a related federal action is a matter appropriately considered in the context of abstention, not claim splitting." Dkt. 22 at 9. Therefore, the Court concluded, "[a]bsent any argument on [*Colorado River*] or some affirmative defense that might bar recovery on the claims, the Court denies Defendant's motion." *Id.* at 10. On October 21, 2016, Defendant moved for "clarification and/or reconsideration," which the Court denied. Dkts. 23, 24.

On March 22, 2017, Defendant filed the present motion, seeking relief on the basis of the *Colorado River* doctrine. Dkt. 26. On April 3, 2017, Plaintiffs responded. Dkt. 27. On April 7, 2017, Defendant replied. Dkt. 29.

On May 23, 2017, the Court entered an order requesting supplemental briefing on the issue of whether parallel litigation exists in state court. Dkt. 30. Specifically, the Court requested that the parties address whether a state court action was ever commenced against Defendant and how that fact would affect the Court's analysis.

## II. DISCUSSION

Defendant moves to stay or dismiss this action pursuant to the *Colorado River* doctrine. Dkt. 26. Plaintiffs are opposed to a stay or dismissal, but argue that a stay is the appropriate remedy should the Court determine that the *Colorado River* doctrine applies. Dkt. 27.

Under the *Colorado River* doctrine, federal courts must exercise their discretion to determine whether they will hear a case when a parallel action is pending in state court. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) ("*Colorado River*"). This decision is to be driven by "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 817 (quotation omitted). If the Court determines that it should defer to parallel state court proceedings, the appropriate remedy is to stay the federal action pending the outcome of the state court litigation. *Attwood v. Mendocino Coast Dist. Hosp.*, 886 F.2d 241, 243 (9th Cir. 1989). This remedy "ensures that the federal forum will remain open if for some unexpected reason the state forum does turn out to be inadequate." *Id.* (quotation omitted).

The first step in applying the *Colorado River* doctrine is to determine whether there exists "parallel" state court litigation. *See Holder v. Holder*, 305 F.3d 854, 868 (9th

Cir. 2002); *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993). If this threshold inquiry is satisfied, the Court then engages in a multi-factor balancing test to determine whether staying the federal action pending the outcome of the state court litigation serves the interest of "wise judicial administration." *See Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir. 1989).

**A.     Parallel Action**

There can be no doubt that there exists a state court proceeding that is closely related to this action. In *T.K. I*, Plaintiffs filed a lawsuit alleging claims of negligence, negligent infliction of emotional distress, and a violation of state mandatory reporting laws against Defendant, several other individuals, and Defendant's employer. Dkt. 34-1 at 2. Those claims arose from the same nexus of facts surrounding the alleged sexual abuse of the minor plaintiffs by Gary Shafer, a bus driver for Defendant's employer, Olympia School District. *Id.* at 2–20. However, although this case and *T.K. I* are obviously related, the question before the Court is whether *T.K. I* constitutes parallel litigation for the purpose of applying the *Colorado River* doctrine.

The parallelism required under the *Colorado River* doctrine "contemplates that the federal court will have nothing further to do in resolving any substantive part of the case" once the state court renders a decision. *Holder*, 305 F.3d at 868 (quoting *Intel Corp.*, 12 F.3d at 913). "Under the rules governing the *Colorado River* doctrine, the existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes the granting of a stay." *Intel Corp.*, 12 F.3d at 913.

Whether *T.K. I* will control the outcome of this case under a theory of res judicata has already been argued at great length by the parties when addressing Defendant's previous motion to dismiss. *See* Dkts. 12, 14, 17, 23. In denying that motion, the Court based its decision on the fact that Defendant had failed to establish that the partial summary judgment in *T.K. I* constitutes a final order under the standard articulated in *Ensley v. Pitcher*, 152 Wn. App. 891 (2009). Dkt. 22 at 4–7. However, because the absence of a final judgment was dispositive of whether res judicata presently bars this action, the Court did not have occasion to assess whether the future resolution of *T.K. I* would result in res judicata. *See id.* at 7 n.1. Now, having the occasion to consider the question, the Court concludes that the resolution of *T.K. I* will almost certainly result in res judicata, thereby rendering *T.K. I* a parallel proceeding for the purposes of the *Colorado River* doctrine.

28 U.S.C. § 1738 mandates that the Court follow Washington law in evaluating the potential res judicata effect of *T.K. I*. *Allen v. McCurry*, 449 U.S. 90, 96 (1980) (citing 28 U.S.C. § 1738). Under Washington law, res judicata exists when a previous and subsequent action are identical as to (1) persons and parties, (2) causes of action, (3) subject matter, and (4) the quality of the persons for or against whom the claim is made. *Karlberg v. Otten*, 167 Wn. App. 522, 536 (2012). Regarding the first and fourth elements of the res judicata test, the fact that Defendant was dismissed from *T.K. I* without prejudice complicates the Court's analysis. As indicated by the parties' supplemental briefing and declarations, Defendant was dismissed from *T.K. I* for lack of personal jurisdiction. *See* Dkts. 31, 32, 34-1. This means that Defendant was dismissed

from *T.K. I* without prejudice and that he will not be a party to any final order or judgment in *T.K. I*. Similarly, the Court's analysis of the second element is complicated by the fact that Plaintiffs presently assert liability under a § 1983 theory of recovery that was not claimed in *T.K. I*.

Nonetheless, the Court concludes that the outcome of the res judicata analysis in this case is governed by the same line of reasoning that formed the basis for its decision in *K.H. v. Olympia Sch. Dist.*, C16-5507 BHS, 2016 WL 5871708 (W.D. Wash. Oct. 7, 2016) ("*K.H.*"). In *K.H.*, different plaintiffs brought a nearly identical suit against Defendant, the School District, and other individually named plaintiffs based on the same alleged conduct related to the pattern of sexual abuse practiced by Gary Shafer. *See id.* Ultimately, the Court concluded that, in light of a previous state court lawsuit between the plaintiffs and the School District, the plaintiffs' federal lawsuit asserting § 1983 claims was barred by res judicata.

As it did in *K.H.*, the Court concludes that the first and fourth elements of the res judicata test are satisfied because Defendant is in privity with the School District. Under Washington law, when a defendant was a nonparty to the resolution of a previous case, res judicata applies only if the defendant is in privity with a party. *Feature Realty, Inc. v. Kirkpatrick & Lockhart Preston Gates Ellis, LLP*, 161 Wn.2d 214, 224 (2007) ("Different defendants constitute the same party for res judicata purposes if they are in privity. A nonparty is in privity with a party if that party adequately represented the nonparty's interest in the prior proceeding."). Such privity exists when an employer's "liability in the first complaint . . . was premised entirely on the actions of its employees"

and the employer "adequately represented [its employees'] interests in the prior proceeding." *K.H. v. Olympia Sch. Dist.*, 2016 WL 5871708 at *4 (quoting *Kuhlman v. Thomas*, 78 Wn. App. 115, 121–22 (1995)). In *T.K. I*, the School District's liability was premised entirely on the conduct of its employees, including Defendant. *See* Dkt. 32-1 at 17–19 (repeatedly alleging liability of "Defendant District, through its employees"). This alleged conduct is the same alleged conduct that forms the basis of the present lawsuit. *See* Dkt. 1. Additionally, the School District's defense in *T.K. I* adequately represented the interests of Defendant because the District would be liable for any negligence attributed to Defendant under a theory of respondeat superior. Moreover, the District has already successfully obtained summary judgment in *T.K. I* on a theory that Plaintiffs cannot establish that the minors in this lawsuit suffered any injury or abuse at the hands of Gary Shafer. Dkt. 32-5 at 11–30; Dkt. 32-7 at 24–31; Dkt. 34-1 at 33–36.

Likewise, the Court determined in *K.H.* that the plaintiffs' § 1983 claims were precluded by the previous state court judgment, notwithstanding the fact that the § 1983 claims had not been previously asserted. *K.H.*, 2016 WL 5871708 at *6. Under Washington law, "a matter may not be relitigated, or even litigated for the first time, if it could have been raised, and in the exercise of reasonable diligence should have been raised, in the prior proceeding." *Kelly-Hansen v. Kelly-Hansen*, 87 Wn. App. 320, 329 (1997)). Just as in *K.H.*, the claims in this case and *T.K. I* turn on substantially the same evidence, seek to remedy the same alleged harm, and both arise out of the same transactional nucleus of facts. *See Hayes v. City of Seattle*, 131 Wn.2d 706, 713 (1997). With the exercise of any reasonable diligence, Plaintiffs' § 1983 and state law claims

could and should have been raised in the same litigation. Therefore, the Court finds that the causes of action in this case and in *T.K. I* are identical for the purposes of res judicata.

In determining whether this case and *T.K. I* involve the same subject matter, "the critical factors seem to be the nature of the claim or cause of action and the nature of the parties." *Hayes*, 131 Wn.2d at 712–13. Although "the same subject matter is not necessarily implicated in cases involving the same facts," *Mellor v. Chamberlin*, 100 Wn.2d 643, 646 (1983), both this case and *T.K. I* "seek a monetary remedy for the allegedly tortious failure of Olympia School District employees to adequately protect [the minor plaintiffs] from a sexual predator." *K.H.*, 2016 WL 5871708 at *7. Moreover, at issue in the *T.K. I* summary judgment order, currently on appeal, is the issue of whether the minor plaintiffs actually suffered injury because of Gary Shafer. Dkt. 32-5 at 11–30; Dkt. 32-7 at 24–31; Dkt. 34-1 at 33–36. Whether Gary Shafer sexually abused the minor plaintiffs is a dispositive issue that goes to the very heart of the present lawsuit. Therefore, the Court finds that the "nature" of the claims in this case and *T.K. I* are the same and that both cases involve the same subject matter.

Based on the foregoing, the Court concludes that the resolution of *T.K. I* by the Washington state courts will almost certainly result in res judicata on the present claims, thereby leaving the Court with "nothing further to do in resolving any substantive part of the case." *Holder*, 305 F.3d at 868. Any doubt the Court may have about whether the resolution of *T.K. I* will be dispositive in this case is insubstantial. Therefore, *T.K. I* constitutes a parallel state action for the purposes of the *Colorado River* doctrine.

**B.     Balancing Test**

Having determined that there is a pending, parallel state court action, the Court next engages in a balancing test to determine whether a stay under the *Colorado River* doctrine is warranted. The factors the Court must consider include: (1) whether the state court first assumed jurisdiction over a property; (2) the relative convenience of the two forums; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained in the concurrent forums; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings are inadequate to protect the federal litigant's rights; and (7) whether exercising jurisdiction would promote forum shopping. *Holder*, 305 F.3d at 870. "[T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1368 (9th Cir. 1990) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (U.S. 1983)).

      **1.     Jurisdiction Over the Res and Inconvenience of Forum**

The parties agree that the first two factors do not weigh in favor of applying the *Colorado River* doctrine to this case. Dkt. 26 at 7; Dkt. 27 at 12; Dkt. 29 at 5. The Court agrees. In this case, Plaintiffs seek monetary damages for their alleged injuries, but "money . . . is not the sort of tangible physical property referred to in *Colorado River*." *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988). Because this case does not involve a res as contemplated in *Colorado River*,

this factor does not have any bearing on the Court's analysis. *Travelers Indem.*, 914 F.2d at 1368. Also, this case and *T.K. I* are pending in adjacent counties, meaning that neither this court nor the state court are more convenient. *See Peak Performance Nutrition v. Media Power, Inc.*, 669 F. Supp. 2d 1176, 1180 (C.D. Cal. 2009).

### 2. Piecemeal Litigation

In *Colorado River*, the Supreme Court's "chief concern was with avoiding piecemeal litigation." *United States v. Morros*, 268 F.3d 695, 706 (9th Cir. 2001). "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 979 (9th Cir. 2011) (quoting *Am. Int'l Underwriters*, 843 F.2d at 1258).

Allowing this case to proceed would surely result in piecemeal litigation. A central dispositive issue in both this case and the negligence claims in *T.K. I* is whether Gary Shafer sexually abused the minor plaintiffs. The state trial court in *T.K. I* has already granted the *T.K. I* defendants' summary judgment motion on the basis that Plaintiffs cannot carry their burden of proof in showing any abuse or injury. Dkt. 32-5 at 11–30; Dkt. 32-7 at 24–31; Dkt. 34-1 at 33–36. If the Court allowed this case to proceed, the only avenue whereby Plaintiffs could prevail is if the Court reached a different result on the same issue. Therefore, the Court finds that this factor weighs strongly in favor of applying the *Colorado River* doctrine.

### 3. Order of Jurisdiction

In determining which forum first obtained jurisdiction over the parallel actions, the Court does not focus on the date when the actions were first filed, but rather, in which forum the case was first litigated. *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21 ("[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."). Shortly after this case was filed, and before initial pleadings were closed, the state court entered a partial summary judgment in *T.K. I* on a basis that would be dispositive of the claims in this case. Dkt. 32-7; Dkt. 34-1. Before this case was even filed, the *T.K. I* parties had already engaged in substantial discovery and the defendants had already submitted their summary judgment brief. Dkt. 32-5. Based on the foregoing, the Court determines that this factor also weighs in favor of staying the case pursuant to *Colorado River*.

### 4. Federal or State Law

Analysis of this factor is very straightforward. Plaintiffs' present claims deal exclusively with federal law. Dkt. 1. Therefore, the Court finds that this issue weighs in favor of allowing this case to proceed.

### 5. Adequacy of State Court

"A district court may not stay or dismiss the federal proceeding if the state proceeding cannot adequately protect the rights of the federal litigants." *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 981 (9th Cir. 2011). For instance, staying a case under *Colorado River* is impermissible if the parties are unable to raise their claims in the state action due to jurisdictional bars. *See Holder*, 305 F.3d at 869 n. 5. Alternatively,

staying a case may be inappropriate if the difference of forum will substantially affect the interpretation of a contract that is central to the parties' dispute. *Smith v. Cent. Ariz. Water Conservation Dist.*, 418 F.3d 1028, 1034 (9th Cir. 2005).

Defendant argues that the state court is adequate to protect Plaintiffs' rights asserted in this case because their § 1983 claims "are relatively common and capable of being heard in state court." Dkt. 26 at 14. Plaintiffs' only response is that the state court proceedings are supposedly inadequate because "[n]one of the causes of action here are alleged in the State action complaint and vice versa." Dkt. 27 at 13.

Plaintiffs are correct that a judgment in *T.K I* will not necessarily protect their rights under § 1983 because their federal claims are not asserted in that action. Indeed, some other courts have found that the omission of available § 1983 claims from a state court complaint would weigh against the decision to enter a *Colorado River* stay. *See, e.g.*, *Sepehry-Fard v. Bank of New York Mellon, N.A.*, 5:12-CV-1260 LHK, 2013 WL 4030837, at *5 (N.D. Cal. Aug. 5, 2013). However, the Court disagrees with such reasoning. The fact that Plaintiffs chose not to assert their § 1983 claims in their state court complaint does not mean that the state court is incapable of hearing those claims and protecting the Plaintiffs' rights. In fact, to the contrary, Washington state courts regularly hear § 1983 claims absent removal by a defendant, as federal courts have original, but not exclusive, jurisdiction over § 1983 claims pursuant to 28 U.S.C. § 1343. *Allen*, 449 U.S. at 99–100. *See, e.g.*, *Washington Trucking Associations v. State Employment Sec. Dep't*, 393 P.3d 761, 767 (Wash. 2017); *Maytown Sand & Gravel LLC*

*v. Thurston Cty.*, 198 Wn. App. 560 (2017); *Eugster v. Washington State Bar Ass'n*, 34345-6-III, 2017 WL 1655737, at *14 (Wash. Ct. App. May 2, 2017).

Nothing about the parallel state court forum prevented Plaintiffs from pursuing their § 1983 claims in *T.K. I* and adequately asserting their rights; they simply chose not to do so. Therefore, because nothing has prevented (or is preventing) Plaintiffs from pursuing their § 1983 claims in *T.K. I*, the Court concludes that this factor weighs in favor of a *Colorado River* stay.

**6.     Forum Shopping**

"The final factor to consider is whether the second suit . . . is an attempt to forum shop or avoid adverse rulings by the state court." *Nakash v. Marciano*, 882 F.2d 1411, 1417 (9th Cir. 1989).

The Court concludes that allowing this case to proceed would be allowing Plaintiffs to forum shop for the purposes of avoiding an adverse ruling in *T.K. I*. On June 17, 2016, the *T.K. I* defendants moved for summary judgment on the bases that (1) Plaintiffs' only evidence of abuse was inadmissible and (2) Plaintiffs failed to serve and obtain personal jurisdiction over Defendant Stanley. Dkt. 32-5. Four days later, on June 21, 2016, Plaintiffs filed the present action against Defendant. Dkt. 1. Notably, in their response to the *T.K. I* summary judgment motion, filed on June 29, 2016, Plaintiffs stipulated that the state court lacked personal jurisdiction over Defendant because they had failed to perfect service. Dkt. 34-1 at 29 n. 1.

On July 8, 2016, the state court issued an oral ruling indicating that it was going to grant the *T.K. I* defendants' motion for summary judgement. Dkt. 32-7. On July 15, 2016,

the state court entered its written order granting the motion for summary judgment. Dkt. 34-1 at 34. As discussed above, upon reviewing the parties' briefing on the motion for summary judgment, it is clear that the state courts' order is based on a dispositive issue in this litigation: namely, whether Gary Shafer abused the minor plaintiffs. Dkt. 32-5; Dkt. 32-7.

These circumstances strongly suggest that Plaintiffs' present lawsuit is an attempt to circumvent the dismissal of Defendant from *T.K. I* on the basis that they had failed to properly serve him. The fact that Plaintiffs filed the present complaint only after the *T.K. I* defendants moved for summary judgment is suspicious. Further, the Plaintiffs knew that the dismissal was warranted as to Defendant Stanley, as evidenced by the concession in their response. Dkt. 34-1 at 29 n.1. Because the dismissal of Defendant from *T.K. I* was necessarily without prejudice, nothing prevented Plaintiffs from refiling the same claims against Defendant. Nonetheless, Plaintiffs have now brought their § 1983 claims and omitted their previously asserted state law claims that were the direct subject of *T.K. I*. Had they refiled the same claims as they asserted in *T.K. I*, there can be no doubt that a state court would consider the complaint duplicitous, forcing the Plaintiffs to argue preclusion issues in state court.

Based on the foregoing, the Court concludes that the present litigation appears to be an attempt at forum shopping in order to avoid the consequences of the adverse state court ruling in *T.K. I*. Therefore, the Court finds that this factor also weighs in favor of staying the case.

C.  **Conclusion**

Because *T.K. I* will almost certainly be preclusive of this case, *T.K. I* is a parallel state court action for the purposes of the *Colorado River* doctrine. Additionally, the Court has found that factors three, four, six, and seven of the applicable balancing test weigh in favor of staying this action, while factors one, two, and five do not. On balance, the Court finds that a stay is warranted. Accordingly, the Court grants Defendant's motion and the case will be stayed pending the final outcome of *T.K. I*. The Court notes that "[a] *Colorado River* stay order is appealable as a final order." *Travelers Indem.*, 914 F.2d at 1367.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendant's motion (Dkt. 26) is **GRANTED**. This proceeding is **STAYED** and the case is administratively closed pending the resolution of *T.K. I*. The parties may file a motion to reopen the case at any appropriate time.

Dated this 21st day of June, 2017.

BENJAMIN H. SETTLE
United States District Judge